UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Cristina Ashley,

       *Plaintiff*,

v.                                     Case No.:

Royal Caribbean Cruises, Ltd.,
A Liberian Corporation,

       *Defendant.*       /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Cristina Ashley, sues Defendant, Royal Caribbean Cruises Ltd., a Liberian Corporation, for damages and alleges as follows:

### JURISDICTION AND VENUE

1. The Plaintiff, Cristina Ashley, is a citizen of Tennessee.

2. Defendant, Royal Caribbean Cruises, Ltd., ("Royal"), is a Liberian corporation with its principal place of business is in Florida. At all times material Royal was doing continuous and systematic business in the Southern District of Florida by operating seagoing cruise vessels in Florida waters and engaging in the business of providing to the public and to the plaintiff in particular, for compensation, vacation cruises aboard their vessels.

3. Diversity Jurisdiction is proper under 28 U.S.C. §1332 as the parties are diverse and the amount in controversy exceeds $75,000.00. Admiralty jurisdiction is proper under 28 U.S.C. § 1333 as the cause of action is a maritime tort.

4. Venue is proper pursuant to both 28 U.S.C. § 1391 and the forum selection clause contained within the Defendant's cruise ticket.

## FACTS COMMON TO ALL COUNTS

Plaintiff hereby repeats and realleges paragraphs 1 – 4 as fully incorporated herein. Plaintiff further alleges:

5. At all times material, Defendant Royal Caribbean Cruises, Ltd. ("RCCL") owned and operated the vessel Serenade of the Seas. Defendant operated the vessel on a cruise in Alaska.

6. Plaintiff, Cristina Ashley, was a fare-paying passenger aboard the Serenade of the Seas ("the vessel") on August 24, 2021.

7. While on the cruise, on the evening of August 24, 2021, the Plaintiff was spending time in the Vortex Night Club with her daughter.

8. While in the Vortex Night Club ("Vortex"), the plaintiff and her daughter met two other couples who were socializing near the bar area. While at Vortex, one of the male passengers who Plaintiff and her daughter had just met was drinking very heavily and was visibly intoxicated.

9. The male passenger was showing signs of being visibly intoxicated including but not limited to acting very boisterous, speaking louder and louder, and was stumbling on his words. The passenger's wife attempted multiple times to get the passenger to stop drinking, to no avail.

10. Despite being close by and seeing the passenger's wife encourage the man to stop drinking alcohol, the Royal Caribbean bartender working where the plaintiff and other passengers were socializing continued to serve the passenger liquor drinks and shots of liquor. The bartender, Conrad, encouraged the passenger to continue drinking by continuing to go out of his way to offer shots of liquor and liquor drinks knowing the passenger was intoxicated.

11. While in the Vortex Night Club, the plaintiff was pushed by the intoxicated passenger.

12. As a result of being pushed, the plaintiff fell and injured her wrist and other parts of her body, all of which have required medical treatment and will continue to require medical treatment in the future.

**COUNT I – NEGLIGENT OVER SERVICE OF ALCOHOL
BY DEFENDANT ROYAL CARIBBEAN CRUISES, LTD.**

Plaintiff hereby repeats and realleges paragraphs 1 – 12 as fully incorporated herein. Plaintiff further alleges:

13. Defendant Royal Caribbean owed Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances with regard to her safety while operating its cruise.

14. The defendant failed to use reasonable care with regard to providing a reasonably safe environment for the plaintiff during the cruise vacation. This includes but is not limited to negligently over-serving alcohol to passengers on its ships, knowing that over serving passengers alcohol has caused danger and injuries to others in the past.

15. RCCL deliberately makes alcohol available to passengers and crew aboard its vessels, despite knowing that alcohol is banned for safety reasons aboard vessels operated by the U.S. Government and military and aboard U.S. flagged merchant ships.

16. Upon information and belief, alcohol sales represent one of the top sources of on-board revenue to the defendant.

17. Knowing that over-intoxicated passengers have caused injury to themselves and others in the past, RCCL offers and advertises unlimited drink packages for purchase to its passengers, which encourages passengers to drink alcoholic beverages to excess while on its ships.

18. RCCL does not employ any systematic method to keep track of how much alcohol a particular passenger has consumed over time while on a cruise. This is despite the fact that the defendant has a strict policy of not bringing alcohol on board its ship, save for two bottles of wine

or champagne. The cruise line could keep track of alcoholic beverages purchased/ordered by passengers on the ships and it specifically chooses not to do so.

19. The defendant relies only on looking for visual signs to monitor passengers for intoxication.

20. RCCL fosters a party atmosphere aboard its vessels, which encourages intoxication so as to enhance other revenue producing shipboard activities such as gambling and the purchase of more alcohol.

21. Prior to the incident, Defendant RCCL knew that the practice of drinking to intoxication by passengers aboard its vessels, especially in the night club areas, is common.

22. Prior to the incident, the defendant knew that passengers have often been injured in the past by others who were intoxicated due to over-service of alcohol on the ship. This is based on many claims and past lawsuits against the defendant alleging the same. *E.g.*, *Reed v. Royal Caribbean Cruises*, No. 19-24668-CIV-LENARD, 2021 U.S. Dist. LEXIS 120680 (S.D. Fla. Apr. 23, 2021).

23. On August 24, 2021, the Defendant and/or its agents, servants and/or employees and/or its crewmembers breached its duty of care to the plaintiff and was negligent through the following acts and/or omissions:

    a. by over-serving alcohol to the passenger who pushed the plaintiff prior to the incident, even with visible signs of impairment and intoxication;

    b. by failing to maintain a reasonably safe environment on the cruise;

    c. by failing to adequately train its security personnel and bartenders to refrain from over serving passengers;

      d.      by failing to implement policies and procedures for bartenders to follow regarding serving alcohol to impaired and intoxicated passengers;

      e.      by failing to implement an effective system to track the service of alcoholic beverages to passengers which would prevent over intoxication in common areas of the ship;

      f.      by creating, allowing, and encouraging an environment of over-intoxication to become prevalent on its ships, knowing the risk of injuries and harm to passengers increases when passengers become overly intoxicated;

      g.      by over-serving passengers, including the passenger who pushed the plaintiff, with knowledge that over serving passengers alcohol has caused injury to many passengers on its ships in the past based on claim letters and lawsuits;

      h.      by failing to regulate passenger consumption of alcohol;

      i.      by failing to supervise passengers who have purchased "all you can drink" packages for the subject cruise vacation;

      j.      by failing to train crew to enforce RCCL's "Guest Conduct Policy" and other internal policies and guidelines regarding unruly, drunken, and excessive behavior; and

      k.      by failing to use reasonable care under the circumstances.

24.    Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred because the intoxicated passenger who injured Plaintiff would not have become overly intoxicated if he had not been over served alcohol by Defendant and Defendant's crew.

25. As a direct and proximate result of the defendant's negligent over service of alcohol, Plaintiff sustained severe physical injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. The Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Cristina Ashley prays for a judgment to be entered against the Defendant, Royal Caribbean Cruises, Ltd., for compensatory damages in excess of Seventy Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT II – VICAROUS LIABILITY OF DEFENDANT ROYAL CARIBBEAN CRUISES, LTD.

Plaintiff hereby repeats and realleges paragraphs 1 – 12 as fully incorporated herein. Plaintiff further alleges:

26. Defendant Royal Caribbean owed Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances with regard to her safety while operating its cruise. This includes but is not limited to acting with reasonable care with regard to service of alcohol on its ships and maintaining a reasonably safe environment for passengers on the ship.

27. The defendant is vicariously liable for breach of the above duties through the direct actions and inactions of it agents, employees, crew members, and servants.

28. Specifically, at the time of the incident there was a bartender working in the Vortex Night Club named Conrad. Conrad the bartender continued to serve alcoholic beverages to an overly intoxicated passenger with knowledge that the passenger was intoxicated.

29. Defendant's agents, employees, crew members, and servants had actual knowledge of the dangerous condition, because the defendant's bartender (Conrad) was over serving the passenger with alcohol while visibly intoxicated. Within a span of approximately one hour alone, the bartender served the passenger multiple shots of liquor and multiple liquor drinks. The bartender did this even knowing that the passenger's wife was trying to get the passenger to stop drinking alcohol and while the passenger was visibly intoxicated.

30. Conrad the bartender was also encouraging heavy drinking by encouraging the intoxicated passenger who pushed Ms. Ashley to take multiple shots of liquor prior to the incident.

31. The Defendant, through its agents, employees, crew members, and servants, namely Conrad the bartender, failed to use reasonable care with regard to providing a reasonably safe environment for the plaintiff during the cruise vacation by negligently over-serving alcohol to passengers on its ships, knowing over serving passengers alcohol has caused danger and injuries to others in the past.

32. The defendant through its above-mentioned bartender was negligent in either ignoring or failing to apply RCCL practice and training when continuing to serve alcohol to the passenger who was visibly drunk.

33. Prior to the incident, Defendant RCCL knew that the practice of drinking to intoxication by passengers aboard its vessels, especially in the night club areas, is common. Prior to the incident, the defendant's bartender knew or should have known that the passenger who pushed the plaintiff was drunk. He also knew or should have known that when people have been over served alcohol on the defendant's ships in the past, it has caused injuries to those people and/ir others. This is based in part on many claims and past lawsuits against the defendant alleging the

same. *E.g.*, *Reed v. Royal Caribbean Cruises*, No. 19-24668-CIV-LENARD, 2021 U.S. Dist. LEXIS 120680 (S.D. Fla. Apr. 23, 2021).

34. On August 24, 2021, the Defendant through its agents, servants and/or employees and/or its crewmembers breached its duty of care to the plaintiff and was negligent through the following acts and/or omissions:

    a. by over-serving alcohol to the passenger who pushed the plaintiff prior to the incident, even with visible signs of impairment and intoxication;

    b. by failing to maintain a reasonably safe environment on the cruise;

    c. by failing to adequately implement training and RCCL policies on serving alcohol to passengers who are visibly intoxicated;

    d. by creating, allowing, and encouraging an environment of over-intoxication to occur in the Vortex Night Club before the plaintiff was injured, knowing the risk of injuries and harm to passengers increases when passengers become overly intoxicated;

    e. by over-serving passengers, including the passenger who pushed the plaintiff, with knowledge that over serving passengers alcohol has caused injury to many passengers on its ships in the past based on claim letters and lawsuits;

    f. by failing to regulate passenger consumption of alcohol;

    g. by failing to supervise passengers who have purchased "all you can drink" packages for the subject cruise vacation;

   h.  by failing to enforce RCCL's "Guest Conduct Policy" and other internal policies and guidelines regarding unruly, drunken, and excessive behavior; and

   i.  by failing to use reasonable care under the circumstances.

35. Defendant's crewmember/bartender's negligence proximately caused Plaintiff great bodily harm in that, but for the crewmember/bartender's negligence, Plaintiff's injuries would not have occurred because the intoxicated passenger who injured Plaintiff would not have become overly intoxicated if he had not been over served alcohol by Defendant and Defendant's crew.

36. As a direct and proximate result of the defendant's negligent over service of alcohol, Plaintiff sustained severe physical injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. The Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Cristina Ashley prays for a judgment to be entered against the Defendant, Royal Caribbean Cruises, Ltd., for compensatory damages in excess of Seventy Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT III – NEGLIGENT FAILURE TO WARN OF DEFENDANT ROYAL CARIBBEAN CRUISES, LTD.

Plaintiffs hereby repeat and reallege paragraphs 1 – 12 as fully incorporated herein. Plaintiffs further allege:

37. Defendant RCCL had the duty to exercise reasonable care under the circumstances with regard to passengers on its ships. This duty included the duty to warn Plaintiff of dangerous conditions that it either knew of, or should have known of, in areas where passengers were either invited or reasonably expected to visit during the cruise.

38. Prior to the incident, the defendant knew that passengers have been injured in the past as a result of the over intoxication of other passengers on the ship(s). *E.g.*, *Reed v. Royal Caribbean Cruises*, No. 19-24668-CIV-LENARD, 2021 U.S. Dist. LEXIS 120680 (S.D. Fla. Apr. 23, 2021).

39. Despite this knowledge, the defendant chose to sell unlimited alcohol to passengers during the subject cruise, without an effective system in place to monitor passengers' alcohol intake. The defendant did this without warning passengers of the potential for injury by intoxicated passengers, which was known prior to the incident and a foreseeable result of failure to implement alcohol intake monitoring and over service to passengers.

40. On August 24, 2021, the Defendant and/or its agents, servants and/or employees and/or crewmembers breached its duty of care to the plaintiff and was negligent through the following acts and/or omissions:

    a. by failing to warn the plaintiff of the danger of being injured by intoxicated passengers on its vessel;

    b. by failing to warn the plaintiff that the bartenders on the ship would overserve visibly intoxicated passengers, and have over served visibly intoxicated passengers in the past, leading to injuries to others;

    c. failing to warn the plaintiff of the lack of a system in place to monitor excessive alcohol consumption of its passengers to prevent injury to others;

    d.  by failing to warn the plaintiff of past incidences of injuries and attacks by intoxicated passengers on its ships;

    e.  by failing to warn Plaintiff of past injuries to passengers while in the dance club areas of its ships due to passenger intoxication; and

    f.  by failing to act with reasonable care under the circumstances with regard to its duty to warn the plaintiff of foreseeable dangers.

  41.  The above acts and/or omissions proximately caused and/or contributed to the Plaintiffs being injured, because the plaintiff either would not have gone on the cruise had she known of the potential for being physically injured by intoxicated passengers, or she would have avoided the night club and other areas where heavy drinking and potential for injuries has occurred frequently on the defendant's ships.

  42.  As a direct and proximate result of the Defendant's negligent failure to warn the plaintiff of the danger of over serving passengers and to warn of the lack of defendant's policies and procedures in place and enforced to prevent injuries to passengers by intoxicated passengers, the plaintiff sustained severe physical injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. The plaintiff also lost the value of the cruise and incurred other incidental expenses

  WHEREFORE, Plaintiff Cristina Ashley prays for a judgment to be entered against the Defendant, Royal Caribbean Cruises, Ltd., for compensatory damages in excess of Seventy Five

Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

### COUNT IV – NEGLIGENT FAILURE TO TRAIN/SUPERVISE OF DEFENDANT ROYAL CARIBBEAN CRUISES, LTD.

Plaintiffs hereby repeat and reallege paragraphs 1 – 12 as fully incorporated herein. Plaintiffs further allege:

43. Defendant RCCL had a duty to exercise reasonable care under the circumstances with regard to the Plaintiff's safety.

44. This duty includes the duty to properly and sufficiently train its crewmembers to exercise reasonable care under the circumstances with regard to passengers, including but not limited to crewmembers working as security and bartenders.

45. On August 24, 2021, the Defendant and/or its agents, servants and/or employees and or its crewmembers breached its duty of care to the Plaintiff and was negligent by failing to adequately train its security personnel who were on duty at the time the Plaintiff was injured, and by failing to adequately train the bartenders working on the ship in the nightclub and all others who overserved the passenger who pushed the plaintiff.

46. On August 24, 2021, the plaintiff was injured when she was pushed by an intoxicated male passenger while on the dance floor of the ship's night club.

47. The Defendant knew or should have known of the dangerous conditions which caused Plaintiff's injuries. The Defendant knew that injuries to passengers is a foreseeable result of failing to adequately train its staff to avoid overserving alcohol, based in part on past claims of injury made by passengers which alleged injury due to the failing to train staff and over-serving of alcohol to its passengers, resulting in injuries. *E.g., Reed v. Royal Caribbean Cruises*, No. 19-24668-CIV-LENARD, 2021 U.S. Dist. LEXIS 120680 (S.D. Fla. Apr. 23, 2021).

48.     It is also foreseeable to RCCL that allowing inadequately trained and/or unqualified crewmembers to serve alcohol to passengers on board the ship will result in over intoxication and overservice of alcohol, causing a dangerous condition for other passengers on the ship. The defendant knew before Plaintiff's injury that over intoxication of passengers has led to many injuries to other passengers in the past, based on claims and lawsuits against RCCL.

49.     On August 24, 2021, the Defendant and/or its agents, servants and/or employees and/or its crewmembers breached its duty of care to the Plaintiff and was negligent through the following acts and/or omissions:

    a.    by failing to provide adequate supervision and security aboard the vessel;

    b.    by over-serving alcohol to the passenger who pushed the Plaintiff prior to the incident, even with visible signs of impairment and intoxication;

    c.    by failing to maintain a reasonably safe environment on the cruise;

    d.    by failing to adequately train its bartenders and security personnel;

    e.    by failing to implement policies and procedures for its bartenders and crew to follow regarding serving alcohol to impaired and intoxicated passengers;

    f.    by failing to train crew to enforce RCCL's "Guest Conduct Policy" and other internal policies and guidelines regarding unruly, drunken, and excessive behavior;

    g.    failing to properly and adequately train crew to effectively monitor alcohol consumption of passengers who are gathering in the ship's night clubs and bars, where it is foreseeable that passengers will drink to over intoxication if allowed because it has happened in the past and has resulted in injuries, based on past claims and lawsuits against the defendant;

      h.      failure to sufficiently train employees to supervise/monitor passengers to look for signs of intoxication; and

      i.      by failing to use reasonable care under the circumstances.

50. The above actions and/or omissions proximately caused or contributed to the Plaintiff's injuries because, had the defendant provided adequate training to its crewmembers, they would have been equipped to exercise reasonable care under the circumstances in refusing to over serve alcohol to the passenger who was intoxicated and pushed the plaintiff. Additionally, the defendant's actions and/or omissions proximately caused or contributed to the Plaintiff's injuries because had it provided reasonable supervision/security in the night club area to prevent overly intoxicated passengers from remaining in the club area in close proximity to other passengers, the overly intoxicated passenger would not have been allowed to continue hanging out in the club area and would not have in turn had the opportunity to push the plaintiff and cause her injuries.

51. As a direct and proximate result of the defendant's negligent failure to train and supervise, the plaintiff sustained severe physical injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. The plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Cristina Ashley prays for a judgment to be entered against the Defendant, Royal Caribbean Cruises, Ltd., for compensatory damages in excess of Seventy Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs.

Plaintiff demands a trial by jury.

/s/ *Catherine Saylor*
JACOB J. MUNCH
E-mail: jake@munchandmunch.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for the Plaintiffs*